Joann **PEARSON** and William A. Gunter, IV, as Administrator ad litem of the Estate of Jacob James, Plaintiffs,

v.

**COLONIAL FINANCIAL SERVICE, INC.,** an Alabama corporation; et al., Defendants.

Civ. A. No. 80–117–N.

United States District Court, M. D. Alabama, N. D.

Jan. 19, 1982.

Legal Services Corp. of Alabama, David S. Yen and Thomas DeRose, Montgomery, Ala., for plaintiff Pearson.

William A. Gunter, IV, ct. apptd., Montgomery, Ala., for plaintiff.

Sirote, Permutt, Friend, Friedman, Held & Apolinsky, James A. Harris, Jr., Birmingham, Ala. and Azar, Campbell & Azar, Edward J. Azar, Montgomery, Ala., for defendant Colonial Financial Service, Inc.

Turner, Wilson & Christian, Terry P. Wilson, Montgomery, Ala., for defendants Duncan and Federal Building Service, Inc.

George W. Thomas, Montgomery, Ala., for defendant Porter.

Defendant Stephens not represented by attorney. Wilson withdrew as his counsel and Stephens apparently moved from city.

## MEMORANDUM OPINION

HOBBS, District Judge.

In this case, the Court previously has written an opinion setting out the unusual fact situation and legal problems arising therefrom. It is now confronted with the task of determining to what extent, if at all, the attorneys for plaintiff Pearson are entitled to attorney fees to be paid by the defendant in this Truth-in-Lending (TIL) case.

Plaintiff Pearson's attorneys, who are staff attorneys for Legal Services Corporation, petition the Court for an award of $31,594.50 in attorney fees. The $31,594.50 fee is arrived at by asking for reimbursement for 337 hours at a rate of approximately $92.00 per hour. Defendant Colonial Financial Service, Inc. stoutly resists the award of any such attorney fee. In fact, defendant Colonial opposes the award of any attorney fee at all, but the Court determines that plaintiff's attorneys are entitled to be paid a reasonable fee by the defendant.

Defendant urges that if plaintiff Pearson's attorneys are to be paid an attorney fee by defendant, the fee should be between $1,000 and $5,000. Defendant argues that the amount of time that plaintiff's attorneys have expended on this case is grossly disproportionate to the amount of time that reasonably should have been expended. Defendant urges that the claim of $90.00 per hour in this TIL case is grossly exces-

sive for any attorney—particularly when it is claimed for an attorney who graduated from law school less than a year before this suit was filed and when the amount recovered by his client was only $2,000.00. Defendant also urges that much of the work done by plaintiff's attorneys was unnecessary and constituted "overworking" the file, and further that much of the work was caused by the misdirection taken by plaintiff's attorneys in the early stages of this case and their failure to bring into this litigation necessary parties to achieve the relief which they sought.

The Court will consider an appropriate fee in the light of the factors for consideration as set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

(1) *Time and labor required:* This case was more complex than the usual TIL case. The Court disagrees with the testimony of able and experienced trial lawyers that plaintiff's attorneys could have adequately represented their client in this case by devoting no more than ten to fifteen hours. On the other hand, the discovery does appear to be more extensive than was required. Moreover, much time was expended on theories of recovery that were not availing before a necessary party was belatedly added by the Court on its own motion. The Court is of the opinion that plaintiff's attorneys should have added such a party at the outset, and that such action would have reduced substantially the time expended for all attorneys. Finally, the Court observes that almost invariably the estimated time expended by an attorney when the fees are sought from an adversary substantially exceed similar claimed hours from one's own client. Whether this reflects a solicitude for one's own client or a cavalier attitude toward an adversary, a discrepancy generally does exist. Experienced counsel called by defendant testified without exception that they could not imagine an experienced attorney expending 337 hours in this case if the lawyer's client was expected to pay such fees. The Court would agree—at least to the extent that a lawyer who billed a client for such hours would not be likely to get much repeat business from such a client.[1]

(2) *The novelty and difficulty of the question:* The fact situation was novel and the legal questions were difficult. The Court was aided by excellent briefs by all counsel.

(3) *The skill requisite to perform the legal service properly:* Plaintiff's attorneys manifested skill and ability in their courtroom performance and in their briefs. Few other lawyers at the bar of this Court have equal knowledge and experience in TIL cases. The criticism seems justified that they should have joined a necessary party earlier in the litigation and thereby reduced the time expended for all concerned. Plaintiff's attorneys were late in advancing the theory on which rescission was ultimately granted and in which they effected a recovery.

(4) *The preclusion of other employment due to acceptance of this case:* There seems no reason to believe this case created any conflicts of interest or precluded plaintiff's attorneys from undertaking other cases, and plaintiff's attorneys make no such contention.

(5) *The customary fee:* A customary fee in the Montgomery community when hourly fees are charged is $50.00 to $75.00 per hour for experienced attorneys. There is testimony that a customary fee for one who has been practicing law for only one or two years would be $40.00 an hour. This is in accord with the Court's knowledge of fees in Montgomery. The Court is of the opinion that a fee of $60.00 an hour for Mr. Yen would be reasonable and $40.00 an hour for Mr. DeRose would be reasonable if compensation is to be on an hourly basis without considering other factors such as the contingency of the fee. A fee based on a percentage of the recovery is not appropriate in this case because it is not economically practical when the amount at issue is so limited.

---

1. In this case, plaintiff's attorneys state that they actually expended substantially more than 337 hours, but have eliminated duplicative time, some of the travel time, and other time spent in conferring about the case between themselves.

(6) *Whether the fee is fixed or contingent:* This case was brought by attorneys employed by Legal Services Corporation. Since their clients are not financially able to pay a fee, all of the work of such attorneys is contingent. This is a factor that results in some increase in attorney compensation, but when the hours are so grossly disproportionate to the amount at issue, this Court does not attempt to assign a dollar amount per hour for such increase.

(7) *Time limitations imposed by the client or the circumstances:* There were none.

(8) *The amount involved and results obtained:* Plaintiff Pearson obtained as a result of this litigation the sum of $2,002.00. Because of this litigation, the Estate of James was allowed to rescind its contract and, on payment of the reasonable value of the improvements ($3,000.00), the Estate of James will recover its property. The evidence shows that all of the property involved in the litigation was worth approximately $15,000.00. Plaintiff Pearson's attorneys contend that even though they did not represent the Estate of James and their client has no legal interest in the property, that she will benefit from the Estate's recovery in that she may be able to resume living in the house, which will be vested again in the Estate. The Court need not decide whether such a benefit to plaintiff Pearson should be considered in the fee. Even if such benefit is considered, the claimed fee is out of proportion to the amount in controversy. Although there are sharp differences in the facts of this case and the obstacles to plaintiff Pearson's recovery, and the facts in *Earl v. Beaulieu,* 620 F.2d 101 (5th Cir. 1980), in both cases the amount claimed in attorney fees greatly exceeded the benefit to the prevailing plaintiff or the amount in controversy. In *Earl,* the court largely rejected the claim of plaintiff's attorney for fees and limited such fees to the amount of the client's recovery, i.e., $220.00. The court gave greatest weight to the consideration of "the amount involved," and commented: "Somewhere along the line a certain sense of proportion has been lost" where plaintiff's attorney in a TIL case sought an award of fees of $1,020.00 and the recovery for the client was $220.00. So it is here where the fee claimed is fifteen times the recovery for plaintiff.[2]

The Court recognizes that it is not financially rewarding in many TIL cases if the attorney is limited in his fee to the amount of the recovery. Presumably one consideration for Congress in allowing the award of attorney fees to the prevailing party in TIL cases was the knowledge that such cases are not financially practical if the attorney in all cases is limited to his recovery. On the other hand, the fee to be awarded is a devastating weapon with which to bludgeon settlements if the fee award can be many times the total amount in controversy. What defendant can afford to risk a $30,000.00 fee to be paid to the plaintiff's attorney as well as a fee to his own attorney when balanced against the cost of a $2,000.00 settlement? The Court of Appeals in *Mirabal v. General Motors Acceptance Corp.,* 576 F.2d 729 (7th Cir. 1978) made this observation in a TIL case in which plaintiff's attorney claimed $30,000.00 in fees in a case in which his client recovered $2,000.00. The court noted that the hours claimed "seem clearly out of proportion to the amount in controversy." In rejecting the claim and awarding fees of $2,000.00, the court stated: "Additionally, to grant large attorney's fee awards on the basis of relatively small injury would encourage suits which do not further the client's interest or the public's interest. The cost of these suits already forces many claims to settlement."

In *Pearson,* this Court was aware through conferences with the attorneys that defendant's attorneys became most anxious to settle and would pay any reasonable amount to stop "the attorney meters" from running.

---

**2.** The Court must also make an award to the attorney who was appointed by the Court to serve as administrator ad litem. Plaintiff also seeks recovery of deposition expense, expert witness fees, photographs, marshal fees and transcript of injunction hearing in the total amount of approximately $750.00.

Unfortunately, no litigant had the power to agree to rescind the contract and void the mortgage until the Court belatedly and on its own motion brought the Estate of James into the litigation.

(9) *The experience, reputation and ability of the attorneys:* Plaintiff's attorneys are able. Mr. Yen probably has more experience in TIL cases than any attorney at the bar of this Court. He represents his client with skill and fidelity. Mr. DeRose lacks the experience of Mr. Yen, having been admitted to the practice of law only in 1979, but he impresses the Court as a capable, intelligent, resourceful and hardworking attorney, dedicated to the cause of his client.

(10) *The undesirability of the case:* This Court knows of no reason why a TIL case should be undesirable for attorneys who have experience in TIL cases and have learned their way in and out of the maze that is the statutory language which must be relied on in such cases. The statute is forbidding to the uninitiated—lawyers and judges.

(11) *The nature and length of the professional relationship with the client:* No contention is made that any significance should be attached to this factor.

(12) *Awards in similar cases:* The award sought here is many times greater than any award by this Court in a TIL case or in any other case in which the amount in controversy was as limited as the amount in this case.

Having considered the factors that the Court is directed to consider in *Johnson v. Georgia Highway Express, Inc., supra,* the Court is of the opinion that a fee of $6,000.00 to plaintiff Pearson's attorneys is appropriate.

Although this fee to plaintiff Pearson's attorneys is three times as much as the recovery for plaintiff, the Court is aware that the issues were difficult, and plaintiff was opposed by skilled attorneys representing the defendants. They showed no disposition to settle the case in its early stages. But the fee is substantially smaller than that claimed and the primary reason is the vast difference between the fee claimed and the amount involved.

Without reviewing again all of the factors in awarding a fee to the attorney serving as administrator ad litem of the Estate of James, the Court notes that he was brought into the case only after the litigation was substantially completed. The hours invested by him in this case are estimated to be no more than ten or twelve hours. He prepared a helpful brief after familiarizing himself with the record and the issues. He is a young, able attorney. His fee in a practical sense was not contingent. The Court views a reasonable fee to be $500.00.

In the Court's judgment entered October 21, 1981, the Court ordered that the costs of this action be taxed against defendants. Plaintiff filed a bill of costs and defendant Colonial filed objections to the bill. Specifically, defendants object to $158.00 for a transcript of the preliminary injunction hearing, $120.00 in expert witness fees, $229.45 for the deposition of Walter Azpell, $35.00 for photographs, and $118.28 for marshal's fees, a total of $660.73 in disputed costs. After reviewing the arguments of both parties, this Court is of the opinion that the costs are allowable under the rules of this Court, the rules of civil procedure, and prior decisions of this Circuit. See *Jones v. Diamond,* 636 F.2d 1364 (5th Cir. 1981) (expert witness fees allowable in cases where Congress has permitted award of attorney's fees). For these reasons, the costs will be ordered taxed as billed.