488 F.2d 714
 7 Fair Empl.Prac.Cas. 1, 7 Empl. Prac. Dec. P 9079
Richard JOHNSON, Jr., and Frank Hill,
Plaintiffs-Appellants-Cross Appellees,
v.
GEORGIA HIGHWAY EXPRESS, INC., Defendant-Appellee-Cross Appellant.
 No. 72-3294.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 21, 1974.
 
 Elizabeth Rindskopf, Howard Moore, Jr., Atlanta, Ga., Jack Greenberg, William L. Robinson, Morris J. Baller, Charles Stephen Ralston, New York City, for plaintiffs-appellants.
 John W. Wilcox, Jr., Thomas M. Kuna, Atlanta, Ga., for defendant-appellee.
 Before THORNBERRY, AINSWORTH and RONEY, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 The question on this appeal concerns the adequacy of attorneys' fees awarded by the District Court in a Title VII class action. Plaintiffs challenge as inadequate the $13,500.00 awarded for their alleged 659.5 billable hours accrued during more than four years of litigation. We are called upon to review the award and set appropriate standards to better enable District Courts to arrive at just compensation.
 
 
 2
 This "across-the-board" action to remedy employment discrimination made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Sec. 2000e et seq., was filed February 27, 1968. On June 24, 1968, the District Court entered an order holding that the action could not be maintained as a class action, and upholding defendant's jury demand. Plaintiff took an interlocutory appeal, resulting in this Court's reversing the District Court on both issues. 417 F.2d 1122 (5th Cir. 1969).
 
 
 3
 On remand, the case proceeded to trial on the merits. After a three-day trial (Jan. 31-Feb. 3, 1972) the District Court entered a final order on March 2, 1972, finding a variety of discriminatory practices by defendant and granting class relief to plaintiffs. In that order, the court provided that an application for an award of attorneys' fees and costs pursuant to Section 706(k) of Title VII of the Civil Rights Act of 1964 would be entertained.
 
 
 4
 Pursuant to this ruling, plaintiffs requested an award of $30,145.50. In support of their request they submitted: (1) a schedule of fees based on the affidavits of counsel as to their time spent on this matter, in all 659.5 hours exclusive of trial time;[1] (2) six affidavits from the five attorneys employed by plaintiffs in this action; (3) three exhibits showing in chronological order the daily time spent by three of the plaintiffs' attorneys; and (4) a memorandum of law in support of the motion.
 
 
 5
 After an appropriate hearing, the District Court filed its order on August 8, 1972, and made the following findings of fact with respect to attorneys' fees:
 
 
 6
 "1. A hearing on the matter of attorneys' fees in the primary action in this case was held, and evidence presented by both parties, on June 9, 1972.
 
 
 7
 "2. With respect to the question of attorneys' fees in the primary action, I find that reasonable attorneys' fees, in the Atlanta, Georgia area, for the job performed for the plaintiffs RICHARD JOHNSON, JR. and FRANK HILL, are Thirteen Thousand Five Hundred Dollars ($13,500.00). The above amount in this finding is based, generally, on sixty (60) man days of work at Two Hundred Dollars ($200.00) per day, generally considered to consist of from six (6) to seven (7) productive hours, which amounts to Twelve Thousand Dollars ($12,000.00), and three (3) trial days for two attorneys at Two Hundred Fifty Dollars ($250.00) per trial day per attorney, or One Thousand Five Hundred Dollars ($1,500.00)."
 
 
 8
 The judgment of the District Court stated that
 
 
 9
 "The Defendant GEORGIA HIGHWAY EXPRESS, INC. shall pay to the Plaintiffs in the primary action in the present case reasonable attorneys' fees in the amount of Thirteen Thousand Five Hundred Dollars ($13,500.00), based on what this Court has determined is reasonable in this locality for the job performed by legal counsel on behalf of the Plaintiffs. Given the experience of counsel for the Plaintiffs at the time these services were performed, the award of this Court is based on sixty (60) man days at the rate of Two Hundred Dollars ($200.00) per day, or Twelve Thousand Dollars ($12,000.00), and three (3) trial days for two (2) attorneys at the rate of Two Hundred Fifty Dollars ($250.00) per day per attorney, or One Thousand Five Hundred Dollars ($1,500.00).
 
 
 10
 "In making this award of reasonable attorneys' fees to the Plaintiffs, I further note that I am aware of the accomplishments of some of the attorneys for the Plaintiffs. At the time when some of these services were rendered, however, they were rendered by attorneys who had been at the bar for only a relatively few years, and there is a relatively standard practice within the Atlanta, Georgia community with respect to the age and experience of attorneys and the compensation involved therein."
 
 
 11
 Plaintiffs appeal from this judgment. Defendant cross-appeals.
 
 
 12
 Section 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. A. Sec. 2000e-5(k), provides that:
 
 
 13
 In any action or proceeding under this subchapter the Court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the cost of the litigation.
 
 
 14
 The purpose of this provision is to effectuate the congressional policy against racial discrimination. Clark v. American Marine Corp., 320 F.Supp. 709 (E. D.La.1970), aff'd, 437 F.2d 959 (5th Cir. 1971). In discussing a similar provision in Title II, the United States Supreme Court observed that
 
 
 15
 If [the plaintiff] obtains an injunction, he does so not for himself alone but also as a "private attorney general," vindicating a policy that Congress considered of the highest priority. If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Congress therefore enacted the provision for counsel fees-not simply to penalize litigants who deliberately advance arguments they know to be untenable but, more broadly, to encourage individuals injured by racial discrimination to seek judicial relief . . . .
 
 
 16
 Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 401-402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). This Court, as part of its obligation "to make sure that Title VII works,"[2] has liberally applied the attorney's fees provision of Title VII, recognizing the importance of private enforcement of civil rights legislation. See Clark v. American Marine Corp., supra; Rowe v. G. M. Corp., 457 F.2d 348 (5th Cir. 1972); Long v. Georgia Kraft Co., 455 F.2d 331 (5th Cir. 1972); Lee v. Southern Home Sites Co., 444 F.2d 143 (5th Cir. 1971).
 
 
 17
 We are mindful that it is within the discretion of the District Court whether to award attorney's fees against a party. Weeks v. Southern Bell Tel. & Tel., 467 F.2d 95 (5th Cir. 1972); Culpepper v. Reynolds Metals Co., 442 F.2d 1078 (5th Cir. 1971). See 6 Moore, Federal Practice p 54.77. This Court, however, may review the District Court's determination as to a reasonable fee. B-M-G Investment Co. v. Continental/Moss Gordin, Inc., 437 F.2d 892, 893 (5th Cir. 1971). It is under this authority that we undertake to review the award in this case.
 
 
 18
 The reasonableness of the award is to be judged by the abuse of discretion standard of review. Weeks v. Southern Bell Tel. & Tel. Co., supra; Culpepper v. Reynolds Metals Co., supra. But in utilizing this standard we must carefully review the basis upon which the District Court made its award.
 
 
 19
 It is at this juncture that we have difficulty with the District Court order. The judgment does not elucidate the factors which contributed to the decision and upon which it was based. No correlation to the facts and figures submitted by the plaintiff is visible. Sixty work days were allotted by the Court with six to seven productive hours per day as the standard. Compensation was computed at $200 per day which averages out to between $28.57 and $33.33 per hour depending on which productivity scale is used. Neither of these figures match the minimum fee scale in Atlanta, Georgia.[3] Furthermore, no differentiation was made by the District Court between the experienced and the non-experienced attorneys representing plaintiff. Yet, the award was supposedly considered in light of the Atlanta community practices. The District Court order leaves unexplained the disallowance of between 239.5 to 299.5 of the 659.5 hours claimed. Whether they reflected duplicated effort among the attorneys, improperly charged hours, time deemed unessential, or were merely overlooked is not answered in the order.
 
 
 20
 It is for these reasons that we must remand to the District Court for reconsideration in light of the following guidelines:
 
 
 21
 (1) The time and labor required. Although hours claimed or spent on a case should not be the sole basis for determining a fee, Electronics Capital Corp. v. Sheperd, 439 F.2d 692 (5th Cir. 1971), they are a necessary ingredient to be considered. The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities. If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted. It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.
 
 
 22
 (2) The novelty and difficulty of the questions. Cases of first impression generally require more time and effort on the attorney's part. Although this greater expenditure of time in research and preparation is an investment by counsel in obtaining knowledge which can be used in similar later cases, he should not be penalized for undertaking a case which may "make new law." Instead, he should be appropriately compensated for accepting the challenge.
 
 
 23
 (3) The skill requisite to perform the legal service properly. The trial judge should closely observe the attorney's work product, his preparation, and general ability before the court. The trial judge's expertise gained from past experience as a lawyer and his observation from the bench of lawyers at work become highly important in this consideration.
 
 
 24
 (4) The preclusion of other employment by the attorney due to acceptance of the case. This guideline involves the dual consideration of otherwise available business which is foreclosed because of conflicts of interest which occur from the representation, and the fact that once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes.
 
 
 25
 (5) The customary fee. The customary fee for similar work in the community should be considered. It is open knowledge that various types of legal work command differing scales of compensation. At no time, however, should the fee for strictly legal work fall below the $20 per hour prescribed by the Criminal Justice Act, 18 U.S.C.A. Sec. 3006A(d)(1), and awarded to appointed counsel for criminal defendants. As long as minimum fee schedules are in existence and are customarily followed by the lawyers in a given community,[4] they should be taken into consideration.
 
 
 26
 (6) Whether the fee is fixed or contingent. The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case. But as pointed out in Clark v. American Marine, supra,
 
 
 27
 [t]he statute does not prescribe the payment of fees to the lawyers. It allows the award to be made to the prevailing party. Whether or not he agreed to pay a fee and in what amount is not decisive. Conceivably, a litigant might agree to pay his counsel a fixed dollar fee. This might be even more than the fee eventually allowed by the court. Or he might agree to pay his lawyer a percentage contingent fee that would be greater than the fee the court might ultimately set. Such arrangements should not determine the court's decision. The criterion for the court is not what the parties agreed but what is reasonable.
 
 
 28
 320 F.Supp. at 711. In no event, however, should the litigant be awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to amount.
 
 
 29
 (7) Time limitations imposed by the client or the circumstances. Priority work that delays the lawyer's other legal work is entitled to some premium. This factor is particularly important when a new counsel is called in to prosecute the appeal or handle other matters at a late stage in the proceedings.
 
 
 30
 (8) The amount involved and the results obtained. Title VII, 42 U.S.C.A. Sec. 2000e-5(g), permits the recovery of damages in addition to injunctive relief. Although the Court should consider the amount of damages, or back pay awarded, that consideration should not obviate court scrutiny of the decision's effect on the law. If the decision corrects across-the-board discrimination affecting a large class of an employer's employees, the attorney's fee award should reflect the relief granted.
 
 
 31
 (9) The experience, reputation, and ability of the attorneys. Most fee scales reflect an experience differential with the more experienced attorneys receiving larger compensation. An attorney specializing in civil rights cases may enjoy a higher rate for his expertise than others, providing his ability corresponds with his experience. Longevity per se, however, should not dictate the higher fee. If a young attorney demonstrates the skill and ability, he should not be penalized for only recently being admitted to the bar.
 
 
 32
 (10) The "undesirability" of the case. Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant. See NAACP v. Button, 371 U.S. 415, 443, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); Sanders v. Russell, 401 F.2d 241 (5th Cir. 1968). Oftentimes his decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court.
 
 
 33
 (11) The nature and length of the professional relationship with the client. A lawyer in private practice may vary his fee for similar work in the light of the professional relationship of the client with his office. The Court may appropriately consider this factor in determining the amount that would be reasonable.
 
 
 34
 (12) Awards in similar cases. The reasonableness of a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit. For such assistance as it may be, we note in the margin a list of Title VII cases in this and other Circuits reviewed in the consideration of this appeal.[5]
 
 
 35
 These guidelines are consistent with those recommended by the American Bar Association's Code of Professional Responsibility, Ethical Consideration 2-18, Disciplinary Rule 2-106. They also reflect the considerations approved by us in Clark v. American Marine Co., supra.
 
 
 36
 To put these guidelines into perspective and as a caveat to their application, courts must remember that they do not have a mandate under Section 706(k) to make the prevailing counsel rich. Concomitantly, the Section should not be implemented in a manner to make the private attorney general's position so lucrative as to ridicule the public attorney general. The statute was not passed for the benefit of attorneys but to enable litigants to obtain competent counsel worthy of a contest with the caliber of counsel available to their opposition and to fairly place the economical burden of Title VII litigation. Adequate compensation is necessary, however, to enable an attorney to serve his client effectively and to preserve the integrity and independence of the profession. The guidelines contained herein are merely an attempt to assist in this balancing process.
 
 
 37
 We are mindful of the difficult job of the trial judge in cases of this kind, and that in all probability his decision will be totally satisfactory to no one. The cross-appeals taken in this case are witness to the usual view of parties litigant to such an award. The trial judge is necessarily called upon to question the time, expertise, and professional work of a lawyer which is always difficult and sometimes distasteful. But that is the task, and it must be kept in mind that the plaintiff has the burden of proving his entitlement to an award for attorney's fees just as he would bear the burden of proving a claim for any other money judgment.
 
 
 38
 In cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees. Although a settlement generally leaves every litigant partially dissatisfied, so does a judicial award for attorney's fees.
 
 
 39
 By this discussion we do not attempt to reduce the calculation of a reasonable fee to mathematical precision. Nor do we indicate that we should enter the discretionary area which the law consigns to the trial judge.
 
 
 40
 By remand of this case, we voice no observation or intimation as to the correctness of the amount awarded. We merely vacate the award and remand for reconsideration in the light of this opinion, and for the entry of an order fixing a reasonable fee which reflects the considerations which led to it. In sum, we hold it to be an abuse of discretion not to consider the factors we approved in Clark v. American Marine Co., and which we amplify here, and that a meaningful review requires a record that reflects such consideration.
 
 
 41
 Vacated and remanded.
 
 
 
 [1]
 The hours allocated for each plaintiff's attorney were
 Howard Moore, Jr. 303 hours
Charles S. Ralston 29 hours
Gabrielle K. McDonald 228 hours
Elizabeth R. Rindskopf 38 hours
Morris J. Baller 61.5 hours
 There were three days of trial attended by Mr. Ralston, Mrs. Rindskopf, and Mr. Baller.
 
 
 [2]
 Culpepper v. Reynolds Metals Co., 421 F.2d 888, 891, n. 3 (5th Cir. 1970)
 
 
 [3]
 The American Bar Association has recently recommended that state and local associations abandon "minimum" or "suggested" fee schedules which are under attack from the Justice Department as violations of the antitrust laws. See 59 A.B.A.J. p. 1435 (1973), reporting the adoption of the following resolution by the Association's Board of Governors:
 In order to avoid possible future dispute or litigation, and
 (a) Without the expression of any opinion upon questions of existing legal right or obligation, and
 (b) Notwithstanding the most recent opinion issued by this Association's Committee on Ethics and Professional Responsibility with regard to ethical propriety of the voluntary consideration by lawyers of fees customarily charged for particular legal services in given localities;
 The American Bar Association recommends that state and local bar associations that have not already done so give serious consideration to withdrawal or cancellation of all schedules of fees, whether or not designated as "minimum" or "suggested" fee schedules.
 
 
 [4]
 See n. 3, supra
 
 
 [5]
 Fifth Circuit: Peters v. Missouri Pacific R.R. Co., 483 F.2d 490 (5th Cir., 1973); Weeks v. Southern Bell Tel. & Tel., 467 F. 2d 95 (5th Cir. 1972); Rowe v. G.M. Corp., 457 F.2d 348 (5th Cir. 1972); Long v. Georgia Kraft Co., 455 F.2d 331 (5th Cir. 1972); Culpepper v. Reynolds Metals Co., 442 F.2d 1078 (5th Cir. 1971); Clark v. American Marine Corp., 320 F.Supp. 709 (E.D.La.1970), aff'd 437 F.2d 959 (5th Cir. 1971); Drew v. Liberty Mutual Ins. Co., 480 F.2d 69 (5th Cir., 1973); Franks v. Bowman Transp. Co., (N.D.Ga. June 29, 1972); Bing v. Roadway Express, (N.D.Ga. May 19, 1972), vacated, 485 F.2d 441 (5th Cir. 1973); Baxter v. Savannah Sugar Refining Corp., 350 F. Supp. 139 (S.D.Ga.1972); LeBlanc v. Southern Bell Tel. & Tel., 333 F.Supp. 602 (E.D. La.1971); Humphrey v. Southwestern Portland Cement, 5 F.E.P. Cases 897 (W.D.Tex. 1973)
 First Circuit: United States v. Gray, 319 F.Supp. 871 (D.R.I.1970).
 Fourth Circuit: Lea v. Cone Mills, Inc., 467 F.2d 277 (4th Cir. 1972); Robinson v. Lorillard Corp., 444 F.2d 791 (4th Cir. 1971).
 Sixth Circuit: Manning v. International Union, 466 F.2d 812 (6th Cir. 1972).
 Seventh Circuit: Bowe v. Colgate-Palmolive, 416 F.2d 711 (7th Cir. 1969); Batiste v. Furnco Construction, 350 F.Supp. 10 (N.D. Ill.1972).
 Eighth Circuit: Parham v. Southwestern Bell Tel. Co., 433 F.2d 421 (8th Cir. 1970); Vogel v. T.W.A., 346 F.Supp. 805 (W.D.Mo. 1971).
 Ninth Circuit: Schaeffer v. San Diego Yellow Cabs, Inc., 462 F.2d 1002 (9th Cir. 1972); Malone v. N. A. Rockwell Corp., 457 F.2d 779 (9th Cir. 1972); Rosenfield v. Southern Pacific Co. (C.D.Calif. Dec. 2, 1971).
 Tenth Circuit: Barela v. United Nuclear Corp., 462 F.2d 149 (10th Cir. 1972); Evans v. Sheraton Park Hotel (D.C.D.C. Dec. 27, 1972); Brito v. Zia Co. (D.C.N.M.1972).