616 F.2d 893
 22 Fair Empl.Prac.Cas. 1583,
23 Empl. Prac. Dec. P 31,080
Birdie Mae DAVIS et al., Plaintiffs,
United States of America, Plaintiff-Intervenor,
Edwin Foster and James Buskey, Plaintiffs-Intervenors-Appellants,
v.
BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY et al.,
Defendants-Appellees.
 No. 78-1078.
 United States Court of Appeals, Fifth Circuit.
 May 7, 1980.
 
 Appeal from the United States District Court for the Southern District of Alabama; William Brevard Hand, Judge.
 
 
 1
 J. U. Blacksher, Mobile, Ala., Jack Greenberg, Bill Lann Lee, New York City, Solomon S. Seay, Jr., Montgomery, Ala., for plaintiffs-intervenors-appellants.
 
 
 2
 Richard M. Sharp, Stephen J. Pollak, Washington, D. C., for amicus curiae.
 
 
 3
 Sintz, Pike, Campbell & Duke, Daniel A. Pike, Mobile, Ala., for defendants-appellees.
 
 
 4
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 
 5
 (Opinion August 6, 1979, 5 Cir., 1979, 600 F.2d 470)
 
 
 6
 Before AINSWORTH, GODBOLD and HILL, Circuit Judges.
 
 PER CURIAM:
 
 7
 The motion for rehearing is granted. Part I of the panel opinion, 600 F.2d 470, is vacated. It appearing that neither appellants nor their proposed class were ever members of the plaintiff class in the underlying school case, and that appellants thus seek not to superimpose or carve out a 'subclass' but to represent Title VII claimants who are benefitted only incidentally by the desegregation injunction bottomed on 42 U.S.C. Sec. 1983 (1976), the cause is remanded for a determination whether appellants are proper class plaintiffs under the usual procedural criteria. See Fed.R.Civ.P. 23. Although we have held that these appellants must proceed as intervenors, see Davis v. Board of School Commissioners, 517 F.2d 1044 (5th Cir. 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976), they nonetheless are entitled to the same consideration under Rule 23 as any other litigant would be.
 
 
 8
 The panel opinion is in all other respects affirmed.
 
 
 9
 No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.
 
 
 10
 REHEARING GRANTED-AFFIRMED AND REMANDED.