**CECIL'S, INCORPORATED,
Plaintiff-Appellee,**

**v.**

**MORRIS MECHANICAL ENTERPRISES, INC., and Transamerica Insurance Company, Defendants-Appellants.**

**No. 83–8310.**

United States Court of Appeals,
Eleventh Circuit.

June 29, 1984.

**438**

Ira J. Smotherman, Jr., Atlanta, Ga., for defendants-appellants.

William E. Dorris, Robert O. Fleming, Jr., Atlanta, Ga., for plaintiff-appellee.

Before RONEY and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

The relevant facts in this diversity action are not disputed. Cecil's, Inc., a general contractor, entered into an agreement with Villgreen, a limited partnership, in 1978 for the construction of an apartment complex in Greenville, South Carolina. Several months later, Cecil's subcontracted the heating, ventilation and air conditioning (HVAC) system for the project to Morris Mechanical Enterprises, Inc. Morris then executed a $160,000 performance bond with Transamerica Insurance Company serving as surety. Several disputes arose between Cecil's and Villgreen after completion of the project and the various claims were submitted to arbitration pursuant to a provision of the general contract. The arbitration panel unanimously found that the HVAC system was non-conforming work and awarded damages to Villgreen. Cecil's sought to recover the arbitration award from Morris through an indemnity clause in the subcontract, but Morris denied any liability and refused to pay Cecil's the damages awarded to Villgreen in arbitration.

Cecil's filed this action in the District Court for the Northern District of Georgia seeking to confirm the arbitration award against Morris and Transamerica. The district court concluded that by the terms of the subcontract Morris explicitly assumed all of Cecil's obligations to Villgreen regarding the HVAC system and then granted Cecil's motions for summary judgment and attorneys' fees. We affirm essentially for the reasons cited by the district court.

Most of the arguments raised by Morris in this appeal presuppose error in the district court's finding that the HVAC system required by the subcontract was "in essence" the same HVAC system required by the general contract. Morris contends that the subcontract called for the HVAC system which was actually installed and that Cecil's knew the general contract required a different, more expensive system. Therefore, according to Morris, there is no dispute between Cecil's and Morris over the subcontract, and Morris is not obligated to indemnify Cecil's for an arbitration award based on the general contract. We find no merit to this argument.

The subcontract between Cecil's and Morris is replete with provisions evidencing a clear intent for Morris to assume all of Cecil's HVAC system obligations created in the general contract. Morris contends that the express meaning of these provisions in the subcontract are rendered ambiguous by the inclusion of the following typewritten statement in the preamble: "Witnesseth, for the consideration above-named, the Contractor and Subcontractor agree and bind themselves as follows in strict accordance with the specifications, schedules and drawings, including: Plans and specifications by Demosthenes, McCreight & Riley ... and shop drawings by Morris Mechanical...." The referenced plans and specifications were rendered by Villgreen's architects and describe the HVAC system required by the general contract. The ambiguity, Morris argues, is created by the referenced shop drawings which supposedly describe the installed HVAC system. While this statement alone might create an ambiguity, we believe any doubt is resolved by the numerous express provisions of the contract. The subcontractor's scope of work is typed and defined immediately following the preamble: "Furnish labor, material and equipment for a complete HVAC system *per plans and specifications*." (Emphasis added.) The first printed paragraph of the subcontract states: "Subcontractor shall furnish all labor, materials, equipment and supervision and perform all work necessary to complete the following part or parts of the work of the General Contract in all respects *as is therein required of the Contractor*." (Emphasis added.) The second paragraph incorporates by reference the general contract and all pertinent plans and specifications. Similar provisions are scattered through the remainder of the subcontract. Therefore, we find, as did the district court, that there is no ambiguity in the subcontract regarding Morris' obligations. Morris was bound to install the HVAC system required by the general contract. *See Cathbake Investment Co., Inc. v. Fisk Electric Co., Inc.*, 700 F.2d 654 (11th Cir.1983); *In re Stratford of Texas, Inc.*, 635 F.2d 365 (5th Cir. 1981).

Morris also contends that the indemnification clause of the subcontract is void and unenforceable because it unreasonably binds Morris to the result of arbitration in which it was not a named party. The relevant portion of the subcontract is found in Paragraph 37:

> In case of any dispute between the Subcontractor and Contractor, Subcontractor agrees to be bound to Contractor to the same extent that Contractor is bound to Owner by the terms of the General Contract and by any and all decisions or determinations made thereunder by the party or board so authorized in the General Contract.

This type of provision is not unusual in the construction industry, *see, e.g., Lane v. Geiger-Berger Associates, P.C.*, 608 F.2d 1148 (8th Cir.1979), and *Clarke Baridon, Inc. v. Merritt-Chapman & Scott Corp.*, 311 F.2d 389 (4th Cir.1962), and we believe enforcement of the provision in the present dispute is not manifestly unfair or unreasonable. Cecil's consistently informed Morris of all stages of the arbitration proceedings and called upon Morris to defend against Villgreen's allegations. Cecil's also reminded Morris of its potential liability via the indemnification clause. Jerry Morris, the owner of Morris Mechanical, testified before the arbitration panel on behalf of Cecil's, but made no attempt to

become a party. Thus, there is no contention that Morris was intentionally and completely excluded from participating in the defense at arbitration. Morris was aware of its potential liability and chose to stand aside while Cecil's defended.

■ Finally, Morris claims that the district court erred in awarding attorneys' fees to Cecil's for the arbitration proceedings against Villgreen and the present confirmation action. Paragraph 36 of the subcontract provides for the recovery of "reasonable" attorneys' fees in both instances. Morris primarily argues that the district court failed to delineate its reasons for granting the award as required by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). *Johnson* has never been applied to an award based on a private contractual right in a diversity action, but regardless of its applicability we find no reversible error in the district court's order. The court below fully and specifically discussed its reasons for finding some fees "reasonable" and disallowing others.

For the above reasons, the orders of the district court granting Cecil's motions for summary judgment and attorneys' fees are

AFFIRMED.