748 F.2d 1538
 Charles ODUM, et al., Plaintiffs-Appellees, Cross-Appellants,
Mike Gilley, et al., Plaintiffs-Intervenors-Appellees,
Cross-Appellants,
v.
A.B. CLARK, etc., et al., Defendants,
Houston County, Alabama, Defendant-Appellant, Cross-Appellee.
 No. 83-7265.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 19, 1984.
 
 Richard H. Ramsey, Dothan, Ala., Bruce M. Edenfield, Atlanta, Ga., for Houston Co.
 James W. Parkman, III, Dothan, Ala., David R. Boyd, Montgomery, Ala., for Odum, Wood and Gilley.
 Winn S.L. Faulk, Dothan, Ala., for Odum, Wood, Gilley, Monday and Madox.
 James A. Ward, III, Dothan, Ala., for Monday and Maddox.
 Appeals from the United States District Court for the Middle District of Alabama.
 Before TJOFLAT and HATCHETT, Circuit Judges, and GARZA*, Senior Circuit Judge.
 HATCHETT, Circuit Judge:
 
 
 1
 In this attorney's fees dispute, we review the district court's order awarding appellees attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.A. Sec. 1988 (West 1981) against appellant, Houston County, Alabama. We also determine whether the district court erred in not assessing a section 1988 attorney's fees award against Sheriff Clark and Deputy Sheriff Pitts, in their individual capacities. Finding no error, we affirm.
 
 Facts
 
 2
 Five deputies in the Houston County, Alabama, sheriff's department brought suit against Sheriff A.B. Clark and Deputy Sheriff Joe Pitts, under 42 U.S.C.A. Sec. 1983 (West 1981). These deputies claimed that they had been terminated from their employment and subjected to a number of other adverse personnel actions in retaliation for their having exercised rights protected by the First Amendment of the United States Constitution.
 
 
 3
 The deputies sued Clark and Pitts individually and in their official capacities. The deputies sought injunctive relief, backpay, and damages. Prior to trial, all of the deputies except one dismissed their damage claims.
 
 
 4
 An advisory jury found Sheriff Clark and Deputy Sheriff Pitts liable, in their official capacities, of violating the constitutional rights of the deputies. Consistent with the jury's advisory verdict, the district court entered judgment for the deputies and ordered injunctive relief against Sheriff Clark and Deputy Sheriff Pitts, in their official capacities. The district court also assessed attorney's fees, pursuant to 42 U.S.C.A. Sec. 1988, against Houston County, Alabama.
 
 
 5
 Houston County, Alabama, contests the district court's award of attorney's fees. The deputies cross-appeal the district court's failure to award attorney's fees against Sheriff Clark and Deputy Sheriff Pitts in their individual capacities.
 
 Issues
 
 6
 On appeal, we consider three issues: (A) whether in ordering the amount of attorney's fees to be paid, the district court properly considered the degree of success achieved by the deputies in their suit; (B) whether the district court erred in not awarding the deputies attorney's fees against Clark and Pitts in their individual capacities; and (C) whether the district court erred in assessing the attorney's fee award against Houston County, Alabama, the governmental unit which the sheriff and his deputy represented.
 
 Discussion
 A. Calculation of Attorney's Fees
 
 7
 Appellant, Houston County, Alabama, contests the award of attorney's fees, arguing that the district court improperly considered the degree of success achieved by the deputies in their suit. We disagree. It is well settled law that determination of reasonable attorney's fees is left to the sound discretion of the trial judge. Davis v. Fletcher, 598 F.2d 469, 470 (5th Cir.1979). We, therefore, may set the attorney's fee award aside only for a clear abuse of discretion. Dowdell v. City of Apopka, Florida, 698 F.2d 1181 (11th Cir.1983).
 
 
 8
 In support of its contention, appellant cites Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In Hensley, the issue was whether a plaintiff who partially prevailed could recover an attorney's fee for legal services on unsuccessful claims. The Hensley Court held that where a lawsuit consists of related claims, a plaintiff who wins substantial relief should not have his attorney's fee award diminished merely because the district court did not adopt each contention raised.
 
 
 9
 In this case, it is clear that the attorney's fee award was made in consideration of detailed findings of fact with regard to each of the twelve Johnson factors, as is required by the law of this circuit. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974). See also Gay v. Board of Trustees of San Jacinto College, 608 F.2d 127, 128 (5th Cir.1979). With regard to Johnson, the Supreme Court in Hensley expressly stated that:
 
 
 10
 The amount of the fee, of course, must be determined on the facts of each case. On this issue the House Report simply refers to the twelve factors set forth in Johnson v. Georgia Highway Express, Inc. [citations omitted]. The Senate Report cites to Johnson as well and also refers to the three district court decisions that 'correctly apply' the twelve factors. One of the factors in Johnson, 'the amount involved and the results obtained,' indicate that the level of a plaintiff's success is relevant to the amount of fees to be awarded.
 
 
 11
 Hensley, 461 U.S. at 429-30, 103 S.Ct. at 1937-38, 76 L.Ed.2d at 48. We conclude that the district court correctly applied all twelve of the factors articulated by the former Fifth Circuit in Johnson and espoused by the Supreme Court in Hensley. Those factors included "the amount involved and the results obtained."[1] No clear abuse of discretion is apparent. Welch v. University of Texas, 659 F.2d 531, 535 (5th Cir.1981).
 
 
 12
 B. Attorney's Fees Against Clark and Pitts in Their Individual Capacities
 
 
 13
 On cross-appeal, appellees contend that the district court erred in not assessing an attorney's fee award against Sheriff Clark and Deputy Sheriff Pitts, in their individual capacities. The record reveals that appellees (plaintiffs below) moved the district court to award attorney's fees under 42 U.S.C.A. Sec. 1983 (West 1981) which is one of the statutes covered by the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.A. Sec. 1988 (West 1981). It is undisputed that the named defendants, A.B. Clark and Joe Pitts, were found liable only in their official capacities, not in their individual capacities. Correspondingly, the district court awarded attorney's fees against Sheriff Clark and Deputy Sheriff Pitts, only in their official capacities, i.e., as representatives of the governmental unit, Houston County, Alabama. We find no error in this ruling and reject all of the deputies' contentions to the contrary. Moreover, we expressly reject the intimation that Alyeska Pipeline Serv. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) mandates that an attorney's fee be assessed against Clark and Pitts in their individual capacities. Careful review of the record reveals that the district court did not abuse its discretion in refusing to grant appellees' motion.
 
 
 14
 C. Assessment of Attorney's Fees Against Houston County, Alabama
 
 
 15
 Appellant, Houston County, Alabama, argues, among other things, that the district court erred in assessing attorney's fees against it under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.A. Sec. 1988 (West 1981). The record reveals that Sheriff Clark and Deputy Sheriff Pitts, employees of Houston County, Alabama, were sued individually and in their official capacities. An advisory jury, however, found that Sheriff Clark and Deputy Sheriff Pitts violated the deputies' constitutional rights in their official capacities. In accordance with this finding, the district court entered judgment for the deputies and awarded them backpay, reinstatement, and reasonable attorney's fees.
 
 
 16
 Central to this controversy is the Civil Rights Attorney's Fees Awards Act of 1976 (the Act), 42 U.S.C.A. Sec. 1988 (section 1988), which provides:
 
 
 17
 In any action or proceeding to enforce a provision of section 1981, 1982, 1983, 1985, and 1986 of this title, Title XI of Public Law 93-318, or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the cost.
 
 
 18
 Title 42 U.S.C.A. Sec. 1988 (emphasis added). The Supreme Court addressed the award of attorney's fees under section 1988 in Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). In doing so, the Court stated: "When [Congress] passed the Act, Congress undoubtedly intended to ... authorize fee awards payable by the states when their officials are sued in their official capacities." Hutto, 437 U.S. at 693-94, 98 S.Ct. at 2575.
 
 
 19
 The Court found support for this finding in the legislative history of the Act. In emphasizing the same, the Court explained that:
 
 
 20
 The legislative history is equally plain: '[I]t is intended that the attorneys' fees, like other items of cost, will be allocated either directly from the official, in his official capacity, from funds of his agency or under his control, or from the state or local government (whether or not the agency or government is a named party).' S.Rep. No. 94-1011, p. 5 (1976) (footnotes omitted).
 
 
 21
 Hutto, 437 U.S. at 694, 98 S.Ct. at 2575.
 
 
 22
 The Court also found instruction and guidance in a House of Representatives Report which observed that, "[t]he greater resources available to governments provide an ample base from which fees can be awarded to the prevailing plaintiff in suits against governmental officials or entities." Hutto, 437 U.S. at 694, 98 S.Ct. at 2575 (quoting H.Rep. No. 94-1558, at 7 (1976)).
 
 
 23
 In Hutto, the petitioners were ordered (in the court of appeals) to pay an additional $2,500 to counsel for the prevailing parties for legal services rendered on appeal. The Supreme Court held that the award of attorney's fees by the court of appeals was supported by the Civil Rights Attorney's Fees Awards Act of 1976. The Court further held that the award was not barred by the state's immunity under the eleventh amendment from retroactive relief, even though the Act did not expressly include statutory language making states liable for attorney's fees, and even though the state was not expressly named as a defendant. Hutto, 437 U.S. at 693-700, 98 S.Ct. at 2574-2578.[2]
 
 
 24
 The Court's decision in Hutto and the legislative history of the Civil Rights Attorney's Fees Awards Act of 1976 lead to the conclusion that when Congress passed the Act, it undoubtedly intended "to authorize fee awards payable by the States when their officials are sued in their official capacities." Hutto, 437 U.S. at 693-94, 98 S.Ct. at 2575.
 
 
 25
 It is well settled law that a section 1988 attorney's fees award may run against a public treasury for section 1983 violations by public officers acting in their official capacities even though the public entity is not named as a defendant in the suit. Barrett v. Thomas, 649 F.2d 1193 (5th Cir. Unit A 1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1969, 72 L.Ed.2d 440 (1982) (citing Hutto v. Finney, 437 U.S. 678, 699, 98 S.Ct. 2565, 2578 (1978)). Correspondingly, the fact that Houston County, Alabama, was not named as a defendant in this lawsuit does not vitiate its liability for section 1988 attorney's fees.
 
 
 26
 It is also clear that the deputies sought to add Houston County as a party to the lawsuit, but Houston County opposed the deputies' motion to do so. Throughout the proceedings of this case below, Houston County's attorney was counsel of record for Sheriff Clark and Deputy Sheriff Pitts. Accordingly, the County's interests were adequately represented at each stage of the proceedings by its own counsel who was present and active in the defense of the sheriff and deputy in their official capacities.[3] See Barrett, 649 F.2d at 1202; Van Ooteghem v. Gray, 628 F.2d 488, 496 (5th Cir.1980), vacated in part, 654 F.2d 304 (5th Cir.1981) (en banc), cert. denied, 455 U.S. 909, 102 S.Ct. 1255, 71 L.Ed.2d 447 (1982).
 
 
 27
 At no time during these proceedings did the county attorney argue or even intimate that Sheriff Clark and Deputy Sheriff Pitts had not acted in their official capacities or that the acts or edicts of the officials did not fairly represent official county policy. Monell v. New York City Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). With regard to Monell and the legal ramifications thereof, the county attorney, although present and able to participate, remained mute. At this late date, Houston County, Alabama, will not be heard to argue that the district court incorrectly decided or did not decide issues raised by Monell. This argument should have been raised below and, therefore, is effectively waived.
 
 
 28
 Finding no justification for denying the prevailing plaintiffs their attorney's fees, we affirm the district court's order awarding the deputies attorney's fees against Houston County, Alabama.
 
 Conclusion
 
 29
 We hold that the district court properly considered the degree of success achieved by the deputies in calculating the amount of attorney's fees to be paid by Houston County, Alabama. We further hold that the district court did not abuse its discretion in deciding not to assess an attorney's fee award against Sheriff Clark and Deputy Sheriff Pitts in their individual capacities. Finally, we hold that the district court correctly assessed the attorney's fee award against Houston County, Alabama, the governmental unit which the sheriff and his deputy represented. Accordingly, the judgment of the district court is
 
 
 30
 AFFIRMED.
 
 
 
 *
 Honorable Reynaldo G. Garza, U.S. Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 Those twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases
 Johnson, 488 F.2d at 717-19 (emphasis added).
 
 
 [2]
 During oral argument, appellant, Houston County, Alabama, admitted that appellees sought to add Houston County as a party to this suit, but Houston County opposed appellees' motion to do so. Furthermore, appellant concedes that throughout the proceedings of this case below, the County Attorney was counsel of record for Sheriff Clark and Deputy Sheriff Pitts and was present
 
 
 [3]
 We are mindful of the requirement that governmental entities "must be joined in the suit for purposes of the attorney's fees determination before it may be held liable for attorney's fees," announced in Glover v. Alabama Department of Corrections, et al., 734 F.2d 691 at 695 (11th Cir.1984). That rule applies to cases filed after June 18, 1984