Ronald Paul ADAMS, et al.,
Plaintiffs-Appellants,

United States of America,
Plaintiff-Intervenor,

v.

Nathan MATHIS, etc., et al.,
Defendants-Appellees.

No. 84–7318
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 4, 1985.

Joel M. Nomberg, Nomberg & McCabe, P.A. and Parkman & Little, Dothan, Ala., for Adams.

John C. Bell, U.S. Atty., Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., for U.S.

Richard H. Ramsey, III, Dothan, Ala., Bobby N. Bright, Dept. of Corrections, Montgomery, Ala., for defendants-appellees.

Before RONEY, FAY and HATCHETT, Circuit Judges.

PER CURIAM:

This appeal arises from a district court's order awarding attorney's fees to a lawyer for monitoring compliance with a prior court order. Finding that the district court did not apply the proper standard in awarding attorney's fees, we vacate and remand for entry of an appropriate award.

## Facts

In a class action brought against state and local officials in Houston County, Alabama, to restrain alleged constitutional deprivations at a county jail, the court appointed a lawyer to represent the class of inmates. Pursuant to a February 28, 1978 order, the court awarded the lawyer a fee of $10,641.72, computed as follows: $10,-000 (200 hours × $50 an hour) plus $641.73 for expenses. The court's order required that the lawyer monitor compliance with its order. On April 14, 1983, the lawyer filed his second motion for award of attorney's fees pursuant to 42 U.S.C.A. § 1988 (West 1981). The lawyer's accompanying affidavit represented an additional 98.5 hours spent on this case in monitoring compliance. The district court awarded the lawyer, $1,740.94: $1,500 attorney's fees plus $240.94 for expenses. On this appeal, the lawyer challenges the court's valuation of the services rendered subsequent to the 1978 order.

We must determine whether the district court abused its discretion in the valuation of the services rendered in obedience to the court's earlier order.

The lawyer argues that the court's valuation was arbitrary and capricious. He contends that the district court's order is internally inconsistent because it awarded the total expense requested, but failed to find that the total billable hours were reasonably or necessarily incurred. Additionally, the lawyer argues that although he submitted a detailed accounting of his hours in this case, the district court failed to specify its calculations or state the reasons for discounting the fee. We agree.

The district court stated that although the lawyer submitted time records to aid in the valuation of his efforts, he did not relate such efforts to the results obtained on behalf of his client. Results, while important, are not the controlling criteria when a lawyer performs a specific task directed by the court.

Presumably the task here assigned was part of the necessary services for the plaintiff to prevail in this lawsuit. In a case of this kind, measures necessary to enforce the remedy ordered by the trial court cannot be severed from the matters upon which the plaintiff prevailed at trial. *Miller v. Carson,* 628 F.2d 346, 348 (5th Cir.1980). In *Miller,* this court held that a party who "vindicates important rights [including post-trial vindication] 'prevails' for purposes of [42 U.S.C.A.] § 1988 even though he or she does so without obtaining a formal judicial order." *Id.* Here, as in *Miller,* counsel's post-judgment efforts were related to enforcement of an injunction to ensure compliance with the court's order. In this case it is even less ambiguous than in *Miller* that counsel "prevailed" for purposes of a § 1988 fee award because here counsel was in fact court ordered to monitor compliance, whereas in *Miller* no such judicial mandate existed.

Lawyers who serve the courts at the court's request are entitled to adequate compensation. The test in this case should be whether the lawyer's work was reasonably responsive to the prior court order. Although the district court set the fee relying on its own judgment and applying the *Johnson* factor (*Johnson v. Georgia. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), there is nothing in this record to indicate that the requested fee was excessive for the work reasonably required by the prior court order.

Accordingly, we remand this case to the district court for an award of a proper fee based on the proper standard and to articulate its rulings in sufficient detail to enable us to accomplish a meaningful review. *Hensley v. Eckerhart,* 461 U.S. 424, 103

S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Yates v. Mobile County Personnel Board,* 719 F.2d 1530 (11th Cir.1983).

VACATED and REMANDED.