**Joseph TOUSSAINT, et al., Plaintiffs,**

v.

**Daniel J. McCARTHY, et al.,
Defendants.**

**No. C–73–1422 SAW.**

United States District Court,
N.D. California.

July 16, 1987.

---

Rosen & Phillips, Sanford Jay Rosen, Barbara Y. Phillips and Susan S. Fiering, Bernard Zimmerman and Sarah G. Flanagan, Pillsbury, Madison & Sutro, San Francisco, Cal., Donald H. Specter and Margaret Littlefield, Prison Law Office, San Quentin, Cal., Antonia Hernandex and Denise M. Hulett, Mexican American Legal Defense and Education Fund, San Francisco, Cal., Ellen Sue Goldblatt, Protection & Advocacy, Inc., Oakland, Cal., Sidney M. Wolinsky and Anita P. Arriola, Public Advocates, Inc., James C. Sturdevant, Sturdevant & Elion, San Francisco, Cal., Julius Chambers and Deborah Fins, New York City, for plaintiffs.

John K. Van De Kamp, Atty. Gen., State of Cal., Michael D. O'Reilley and Bruce M. Slavin, Deputy Attys. Gen., San Francisco, Cal., for defendants.

ORDER AFFIRMING MAGISTRATE'S ORDER ON DEFENDANTS' MOTION FOR RECOUPMENT OF ATTORNEYS' FEES

WEIGEL, District Judge.

This matter came on for hearing July 16, 1987. The Court, having considered the briefs, the arguments of counsel, and the entire record, denies defendants' motion objecting to the Magistrate's Order on Defendants' Motion for Recoupment of Attorneys' Fees.

The Court affirms the Magistrate's ruling denying with prejudice defendants' motion for recoupment of any fees for time expended in monitoring compliance with the Permanent Injunction. Such monitoring time was expended at the order of this Court, and plaintiffs are entitled to full compensation for all time rendered reasonably in the interest of requiring compliance with the Injunction. *See* Order Establishing Procedure for Collecting Attorneys' Fees at 2 (Oct. 7, 1985); *see also Adams v. Mathis,* 752 F.2d 553, 554 (11th Cir.1985).

Prior to the decision of the Ninth Circuit in *Toussaint v. McCarthy,* 801 F.2d 1080 (9th Cir.1986), the Injunction required that defendants follow certain procedures in placing and retaining prisoners in segregation. Plaintiffs' efforts in monitoring compliance with those procedures is fully compensable.

The Court also affirms the Magistrate's Order denying without prejudice defendants' motion for recoupment of fees incurred before and during trial on the due process issues. The Court finds that defendants' motion is premature. Any decision as to which party prevailed on the due process issue will best be deferred until the Court rules in accordance with the Ninth Circuit's remand order.

Accordingly,

IT IS HEREBY ORDERED that the Magistrate's Order on Defendants' Motion for Recoupment of Attorneys' Fees is AFFIRMED.