**In re N & T ASSOCIATES, INC., a Nevada Corporation, dba Aladdin Hotel and Casino, Debtor.**

**No. CV–S–90–675–HDM.**
**Bankruptcy No. BK–S–84–190–RCJ.**

United States District Court,
D. Nevada.

Sept. 4, 1991.

See also 78 B.R. 285.

Jeffrey C. Krause, Stutman, Treister & Glatt, Los Angeles, Cal., for appellant.

Anthony G. Sousa and Jill Smith, Office of the U.S. Trustee, Las Vegas, Nev., for appellee.

## MEMORANDUM DECISION

McKIBBEN, District Judge.

This is an appeal from a decision of the bankruptcy court denying appellant's final application for attorney's fees and request for enhancement of fees. Appellant Stutman, Treister and Glatt ("Stutman") was

special bankruptcy counsel to the debtor, N & T, in this Chapter 11 (later converted to Chapter 7) bankruptcy proceeding. After the liquidation and distribution of the Estate's assets were substantially completed, Stutman, along with other counsel, submitted its final application for payment of professional fees and expenses, seeking fees and costs totalling twenty-nine thousand, seven hundred twenty-seven dollars and twenty-seven cents ($29,727.27). Stutman also sought an upward lodestar adjustment or enhancement of their total compensation in recognition of the "remarkable results" achieved and to compensate for the risk of nonpayment. At the time of the final fee application, Stutman had already been paid approximately six hundred seventy thousand dollars ($670,-000) in fees and costs.

# 407 at 37.

The United States Trustee (Trustee) objected to Stutman's application on the grounds that it sought payment at prevailing Los Angeles rates. The Trustee takes the position that "the fees requested by Stutman are not reasonable to the extent they exceed the cost of comparable services charged in the community of Las Vegas." (# 407 pp. 37–38). The U.S. Trustee did not object to payment of Stutman's remaining fees at Las Vegas rates. The bankruptcy court denied Stutman's final fee application in its entirety. The court also rejected Stutman's argument for an enhancement. For the following reasons, the order of the bankruptcy court must be reversed and remanded.

▮ 11 U.S.C. § 330 governs the compensation of, inter alia, the debtor's attorney. That section provides, in pertinent part:

After notice to any parties in interest and to the United States trustee and a hearing ... the court may award ... to the debtor's attorney ... (1) reasonable compensation for actual, necessary services rendered by such ... attorney based on the nature, the extent and the value of such services, the time spent on such services, and the cost of comparable

services other than in a case under [Chapter 11]. ...

The purpose of section 330 is to secure for the bankruptcy estate the services of competent professional persons. *In re Yermakov*, 718 F.2d 1465, 1469–70 (9th Cir.1983). Section 330 lists several factors a court should consider in ruling on an application for payment of professional fees. The court is required to determine whether the fees represent " 'actual' services that are 'necessary' in connection with the bankruptcy process." *Id.* at 1470. The court must also consider the nature, extent and value to the Estate of such services, as well as the time spent rendering the services. The court should also compare the amount claimed with the cost of comparable services in non-bankruptcy matters.

▮ The Ninth Circuit Court of Appeals has concluded that applications for payment of attorneys fees in bankruptcy cases should undergo the same analysis as requests for attorneys fees in non-bankruptcy cases. *In re Powerine Oil Co.*, 71 B.R. 767 (Bankr. 9th Cir.1986).

The calculation of attorneys fees in bankruptcy matters is now analogous to that performed in other areas of the law. Accordingly, this court will utilize the terminology and reasoning of those non-bankruptcy determinations in the application of the various factors and the results achieved.

*Id.* at 771 n. 3. Courts have found a number of other factors relevant to the award of reasonable professional fees, including the difficulty and complexity of the case and the results obtained. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). Still, "the primary method used to determine a reasonable attorney fee in a bankruptcy case is to multiply the number of hours expended by an [appropriate] hourly rate." *In re Yermakov*, 718 F.2d at 1471. The bankruptcy court made no such calculation in this case.

Here, the bankruptcy court made a number of findings relevant to the determination of a fee application, but failed to make the findings required by section 330 and the cases interpreting that provision. The

record reveals the bankruptcy court did not determine which, if any services for which payment was sought in the final fee application were actually and necessarily incurred; nor does it show that the court made a finding concerning an appropriate hourly rate for the individual Stutman attorneys seeking payment.[1] The court failed to make any findings concerning the "nature, extent and value" of the services listed in the final fee application or as to the time reasonably expended in providing those services. The court discussed hourly rates in comparable cases, but made no findings on this point. The court found this case involved a number of very complex issues of regional significance and concluded that a substantial minority of the issues required employment of counsel with special bankruptcy expertise. # 407 at 45. The court also found that counsel had achieved an extraordinarily good result in securing a distribution rate of over 90% to creditors. *Id.* The record also shows the bankruptcy court found Stutman's blended hourly rate of two hundred thirty-eight dollars and seventy-eight cents ($238.78) excessive.

The court indicated repeatedly that it was "thoroughly offended" by the Stutman fee application because of the high hourly rates and the amount sought for preparation of the fee application. # 407, at 43, 44. However, the court did not reject the fee application on the basis of any of the factors set forth in section 330; the court made no findings on those issues. Instead, it appears the court completely disallowed the application in order to lower the overall hourly rate charged for the services Stutman had provided over the preceding five years.

> THE COURT: And with respect to the Stutman firm, I would have to disallow the application. I've done a rough calculation somewhere between $15–20 per hour is the reduction that would result if

I disallow the present application, and I think that's a fair result.
# 407 at 45, lines 1–5.

The court may determine on remand that Stutman's hourly rate is excessive, and seek disgorgement of fees it previously awarded subject to holdback. It must do so on the basis of specific findings on the questions whether the fees were actually and necessarily incurred and whether the hourly rates sought are reasonable. The court may not deny legitimately earned fees in an effort to offset fee awards previously approved.

Accordingly, the order of the bankruptcy court denying Stutman's final application for payment of professional fees is hereby REVERSED and REMANDED.

Stutman also contends the bankruptcy court erred in denying its request for a 15% enhancement of all its fees. Stutman argues it should receive such an upward adjustment in its fee award because of the excellent results it achieved and because it initially faced a serious risk of nonpayment given N & T's extreme state of insolvency at the time of filing. The bankruptcy court found that the results were "very good," although the court also expressed some concern about the substantial unfairness of the distribution to unsecured creditors vis-a-vis the Internal Revenue Service and certain stockholders. The court awarded enhancements to other firms, but does not appear to have addressed Stutman's request for an enhancement. The order of the bankruptcy court clearly disallowed any additional fees, but it did so without making any specific findings regarding the request for enhancement. This court expresses no opinion as to the merits of Stutman's request for enhancement. On this record, however, the court cannot review the denial of such an award, because the bankruptcy court denied the award without expressing its reasoning on the record.

Accordingly, the order disallowing any additional fees and setting final compensa-

---

1. As is discussed *infra,* the bankruptcy court made clear it did not consider the hourly rate sought by Stutman to be appropriate. However, the court never indicated what was an appropriate rate.

tion (# 398) is REVERSED and REMAND-ED for further proceedings consistent with this opinion.

It is so ORDERED.