**Margaret P. GILLEO, Plaintiff,**

v.

**CITY OF LADUE, et al., Defendants.**

**No. 90–2396C(7).**

United States District Court,
E.D. Missouri, E.D.

April 30, 1992.

Martin M. Green, Mitchell A. Margo, Green, Hoffmann & Dankenbring, Clayton, Mo., for plaintiff.

Jordan B. Cherrick, Armstrong, Teasdale, Schlafly & Davis, St. Louis, Mo., for defendants.

## ORDER

HAMILTON, District Judge.

This matter is before the Court on the application of Plaintiff's counsel, Green, Hoffmann & Dankenbring, for attorney's fees and expenses.

█ District Courts may award reasonable attorney's fees to prevailing parties in litigation to enforce a provision of section 1983. 42 U.S.C. § 1988. A prevailing party should ordinarily recover an attorney's fee unless special circumstances make such an award unjust. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). The starting point or lodestar figure for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* at 433, 103 S.Ct. at 1939. Where an attorney has obtained the results his client sought, the attorney should recover a fully compensatory fee. *Id.* at 435, 103 S.Ct. at 1940. A district court should consider twelve factors in determining attorney's fees: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of time involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). Enhancement may be warranted in exceptional cases. *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940.

█ Plaintiff seeks attorney's fees at a complex litigation rate and a 50% enhancement. This case involved one legal issue and does not reasonably warrant a complex litigation rate. Attorney's fees will be calculated at the standard rate. Plaintiff's attorneys submitted affidavits and records demonstrating that they spent 422.75 hours representing Plaintiff in this case. The Court finds the number of hours to be reasonable. The attorney's fee lodestar figure is calculated as follows:

| Attorney | Standard Rate | × | Hours | = | Total |
|---|---|---|---|---|---|
| M. Margo | $150 | | 246.75 | | $37,012.50 |
| G. Greiman | 150 | | 61.25 | | 9,187.50 |
| M. Green | 180 | | 84.75 | | 15,255.00 |
| H. Iveson | 120 | | 30.00 | | 3,600.00 |
| | | | | | $65,055.00 |

Plaintiff has the burden of justifying her entitlement to an enhancement for the contingent nature of the litigation. *Morris v. American Nat'l Can Corp.*, 941 F.2d 710, 715 (8th Cir.1991). Plaintiff has submitted the affidavit of her own attorney and two other attorneys in the community. She has adequately established that the relevant market compensates for contingency cases as a class and that the she would have faced difficulties in finding counsel in the local market without the promise of adjustment for risk. (Affidavits of D. Harlan and M. Silverstein). While the Court finds that the affidavits establish an entitlement to enhancement under the Eighth Circuit's decision in *Morris v. American Nat'l Can Corp.*, the Court finds that a 50% enhancement in light of the circumstances of this case is unreasonable. An enhancement of 15% for the risk inherent in a contingency case of this nature is adequate and reasonable.

IT IS HEREBY ORDERED that the application of Plaintiff's counsel, Green, Hoffmann & Dankenbring, for attorney's fees and expenses is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Margaret Gilleo recover of defendants $74,813.25 for attorney's fees and $4,099.00 for costs.