**In re INTERCO SYSTEMS, INC., Debtors.**

**Bankruptcy No. 93–20144.**

United States Bankruptcy Court, W.D. New York.

March 20, 1997.

Francis E. Kenny, Rochester, NY, for Trustee.

C. Bruce Lawrence, Rochester, NY, Chapter 7 Trustee.

Trudy A. Nowak, Rochester, NY, U.S. Trustee.

## DECISION AND ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

Although this case was commenced by the filing of an involuntary petition, the Debtor eventually operated voluntarily in Chapter 11 from April 5, 1993 until July 20, 1993. After evidentiary hearings conducted on June 18, 21 and 23 and July 9 and 14, the Court granted the motion of the Unsecured Creditors Committee (the "Committee") to convert the case to a Chapter 7 case. On July 21, 1993, the Office of the United States Trustee (the "U.S. Trustee") designated C. Bruce Lawrence as the Chapter 7 Trustee (the "Trustee").

On November 12, 1993, upon the request of the Trustee and with the approval of the U.S. Trustee, the Court authorized the Trustee to retain Nixon, Hargrave, Devans & Doyle ("Nixon, Hargrave"), which had previously served as the attorneys for the Committee, as one of the attorneys for the Trustee.

In January, 1995, the Trustee commenced in excess of 350 separate adversary proceedings to recover alleged avoidable preferences, post-petition transfers and fraudulent conveyances. Except in a few cases where it had a conflict of interest, Nixon, Hargrave represented the Trustee in these adversary proceedings. Most of the cases were handled pursuant to a "Contingent Fee Agreement" entered into with the Trustee, but several larger cases were handled on a time basis.

On August 1, 1994, the Court issued a Decision & Order awarding Nixon, Hargrave an allowance for the professional services it had rendered on behalf of the Committee in an amount which was substantially less than what Nixon, Hargrave had requested.

On December 29, 1995, the Court awarded Nixon, Hargrave an interim compensation allowance of $129,013.00 for professional services rendered pursuant to the Contingent Fee Agreement.

On April 16, 1996, the Court awarded Nixon, Hargrave an interim compensation allowance of $108,342.25 for time basis professional services rendered, which included a $10,000.00 premium for services in connection with the settlement of the amounts due under an Internal Revenue Service audit assessment.

On October 16, 1996, Nixon, Hargrave filed an application (the "Application") for an additional allowance of interim compensation for both hourly and contingent fee services rendered from November 1, 1995 through July 31, 1996 (the "Application"). The Application included a request for an additional fee (a "Premium") because: (1) substantial funds had been brought into the estate by the hourly and contingent fee professional services rendered; (2) the matters handled were difficult; and (3) overall, "excellent results" had been achieved.

On November 12, 1996, the Trustee filed an objection to the Application which: (1) indicated that the professional services rendered by Nixon, Hargrave were of the highest quality and produced excellent results; (2) did not recommend the payment of the Premium; (3) indicated that the Trustee would support a separate application by Nixon, Hargrave to request: (a) a clarification of the Contingent Fee Agreement and the reimbursement of certain disbursements; and (b) reasonable additional compensation for the waivers of claims which it had negotiated as part of the settlements in a number of the adversary proceedings, services which had possibly benefitted the estate and its creditors, but which had not been specifically requested by the Trustee; and (4) indicated that in the Trustee's opinion, Nixon, Hargrave had used billing judgment in making its Application and had been careful in the performance of its services to assign tasks to the lowest billing rate professional competent

to perform the task.[1]

On November 15, 1996, the U.S. Trustee filed an objection to Nixon, Hargrave's request for a Premium.

Sensitive to its year-end, on December 31, 1996 the Court awarded Nixon, Hargrave an interim compensation allowance in the full amount requested in the Application for hourly and contingent fees, as well as disbursements, for a total of $82,312.53, and reserved decision on the request for a Premium.

## DISCUSSION

■ This Court believes that in admittedly rare but appropriate circumstances, where an attorney for a trustee has achieved exceptional results and the Court, in its discretion, feels that after the application of a lodestar billing analysis, including consideration of the specific factors set forth in Section 330(a)(3)(A), to determine reasonable compensation, a professional has still not been adequately and fairly compensated, it can award a fee enhancement or premium.[2] In fact, as set forth above, this Court has previously granted Nixon, Hargrave such a Premium in this case.

■ However, I do not believe that granting Nixon, Hargrave the Premium requested in its current Application would be an appropriate exercise of discretion for the following reasons:

(1) The Trustee has not recommended but has objected to the award of the requested Premium.[3] This Court holds Panel Trustees to high standards in connection with their engagement of professionals, requiring that they: (a) hire professionals proven to be competent to perform the particular task for which they are engaged; (b) continuously supervise the professionals to ensure that they are providing competent, efficient and effective services; and (c) perform

continuing cost-benefit analyses. In this case, the Trustee is a highly knowledgeable and experienced Trustee and practitioner in the area of commercial and bankruptcy law. He hired Nixon, Hargrave because it had proven itself fully competent to perform the required tasks, and he had an expectation of excellent service. The Trustee's objection to the Premium indicated that as excellent as the services performed and results achieved may have been, they were within the range of his expectations, and that in his business judgment the award for the hourly and contingent services and disbursements, as otherwise requested by Nixon, Hargrave in its Application, was reasonable compensation for those excellent services and results. Where a trustee, who is in fact the client, and the U.S. Trustee, who supervises Chapter 7 Panel Trustees, object in good faith to the award of a premium and that professional has otherwise been awarded reasonable compensation, the Court does not believe that such an award to an attorney for that trustee would be a proper exercise of its discretion.

(2) Based upon the allowances for interim compensation to date, the Court's internal computations indicate that Nixon, Hargrave has received compensation at a blended hourly rate, based on all non-attorney hours being deducted, of in excess of $210.00, a blended hourly rate, based on all paralegal hours being deducted, of in excess of $204.00, and an overall blended hourly rate of in excess of $166.00. Given the services performed, the Court believes, that Nixon, Hargrave, as attorneys for the Trustee, has received reasonable compensation.

(3) Nixon, Hargrave's representation of the Trustee in this case has enhanced its reputation with the Court, the Panel of Trustees, the U.S. Trustee and the coun-

---

1. This Court consistently requires this of professionals seeking allowances of compensation under Sections 330 and 331.

2. See the analysis and factors to be considered set out in *In re Wright Air Lines, Inc.,* 147 B.R. 20 (Bankr.N.D.Ohio 1992); and *In re Southern Mer-*

*chandise Distributors, Inc.,* 117 B.R. 725 (Bankr. S.D.Fla.1990).

3. The Trustee had recommended the prior premium and the U.S. Trustee had not objected to it.

sel for the various defendants in the adversary proceedings which it handled. There is no doubt that this will mean additional business and referrals for Nixon, Hargrave in the future.

(4) Nixon, Hargrave, as the largest firm in the Rochester area, holds itself out to be a firm where excellent services and results are the norm, not the exception.

## CONCLUSION

The request by Nixon, Hargrave in its October 16, 1996 Application for a fee enhancement or Premium is denied. This is without prejudice to it bringing a specific application[4], as suggested by the Trustee, for the reimbursement of additional disbursements in connection with its contingent fee services or for additional compensation in connection with waivers of claims which it negotiated in connection with the various adversary proceedings it handled, since these waivers may have benefitted the estate, even though not specifically requested by the Trustee at the time they were negotiated. In connection with any such application, however, the Court would expect a thorough analysis of benefit to the estate versus mere benefit to remaining creditors.[5]

**IT IS SO ORDERED.**

---

4. This could be done as part of a subsequent application for interim compensation.

5. One attorney in this case has suggested on a number of occasions that the result of all of the adversary proceedings to avoid preferences has simply been "a rearranging of the deck chairs."