46 F.3d 1130
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brown T. WORTHY, Plaintiff-Appellee,
and James H. LITTLE; John Clay; James W. Baldwin; Bobby
Campbell; Jimmie Anderson; Eddie Hicks; James Gill; Carl
L. Cuthbertson; Truemain Mainor; Fred Johnson, Jr.;
Charles Neal; Hendrick Robinson; Willie Frazier, Jr., Plaintiffs,
v.
BIGGERS BROTHERS, INC., Defendant-Appellant.
 No. 93-1754.
 United States Court of Appeals, Fourth Circuit.
 Argued: December 6, 1993.
Decided: February 2, 1995.
 
 Argued: David Lee Terry, Blakeney & Alexander, Charlotte, NC, for appellant. Jonathan Wallas, Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., Charlotte, NC, for appellee. On Brief: C. Margaret Errington, Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., Charlotte, NC, for appellee.
 Before RUSSELL and WIDENER, Circuit Judges, and NORTON, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This is the fourth appeal in this case which was commenced as a Title VII claim in 1977 by 14 plaintiffs against Biggers Brothers, Inc., a food distributor in North Carolina. See Worthy v. Biggers Bros., Inc., No. 90-2055 (4th Cir. Mar. 16, 1990) (unpublished order); Cuthbertson v. Biggers Bros., Inc., 841 F.2d 1122 (4th Cir.1988) (table); Worthy v. Biggers Bros., Inc., 841 F.2d 1123 (4th Cir.1988) (table); Cuthbertson v. Biggers Bros., Inc., 702 F.2d 454 (4th Cir.1983), motion to file petition for writ of cert. denied as untimely, 466 U.S. 934 (1984).
 
 
 2
 The same district judge has considered the case from the beginning, and after the appeals and the trial, as well as the various proceedings on remands, the district court entered its order allowing attorneys' fees and expenses in this case as follows:
 
 
 3
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 
 4
 Julius Chambers 105.50 $ 200.00 $21,000.00 Jonathan Wallas 317.86 180.00 57,214.80 John Gresham 2.75 165.00 453.75 John Nockleby 15.75 150.00 2,362.50 Margaret Errington 12.13 125.00 1,516.25 Leslie Winner 1.75 165.00 288.75 Law Clerks 5.40 50.00 270.00 Paralegal 149.60 50.00 7,480.00 Ferguson Fees $90,686.05 Linwood Foust 74.45 150.00 11,167.50 Total Fees $101,853.55 Costs & Expenses $ 3,259.64 Total Award Fees, Costs and Expenses $105,113.19
 
 
 5
 From this order the defendant has appealed, assigning as error that the district court did not consider and make appropriate findings of fact with respect to the factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), as adopted in this court in Daly v. Hill, 790 F.2d 1071 (4th Cir.1986); that the district court's application of the fee award considerations is erroneous, especially that it did not properly consider the degree of success of the plaintiff; and that the plaintiffs' attorneys failed to maintain proper records and present to the court proper evidence to justify their fees.
 
 
 6
 The district court has considered the question of attorneys' fees and costs in this case time and again. For example, in its September 16, 1981 order, it set out explicitly the standards which we have adopted from Johnson v. Georgia Highway Express, Inc. We have no indication that the district court has departed from these standards, and so we are of opinion the first assignment of error is without merit.
 
 
 7
 With respect to the amount of the award, taking into account the appropriate legal considerations, the record shows that the attorneys for the plaintiff examined each entry in their exhibits in this case with respect to attorneys' fees and expenses and reduced the compensable hours and costs with a detailed explanation of how they determined how much of the hours and costs expended on the entire case were expended on the sole claim which prevailed. Such a reduction was on account of a lack of success on the whole case, and the district court accepted this explanation. We are of opinion that its acceptance was a question of fact and is not clearly erroneous under Fed. R. Civ. Pro. 52(a).
 
 
 8
 The complaint that the attorneys did not keep proper records and present proper evidence goes principally to the fact that at the beginning of the case, the time spent was not allocated on their records among the individual plaintiffs. Also, one of the principal lawyers in the case is no longer with the firm representing the plaintiff, and a few of the records have been lost. All of this was before the district court when it made its award of attorneys' fees, and we think it was all taken account of by the district court when it made its detailed findings of fact which we have copied into this opinion, as set forth above. We are also of opinion that this finding was not clearly erroneous under Fed. R. Civ. Pro. 52(a), and, in addition, we are of opinion that the district court was justified in making the findings of fact which it did from the records which were before it and from its experience in this case. The district judge had lived with this case for some 16 years prior to entering the order complained of, and we think it was entirely familiar with all of the facts of the case.
 
 
 9
 We are thus of opinion that there is no reversible error, if error at all, in the order complained of, and the judgment of the district court is accordingly
 
 
 10
 AFFIRMED.