IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30650
Summary Calendar
_____

MATTHEW L. HAGAN, JR.,

Plaintiff-Appellant,

versus

M.R.S. ASSOCIATES INC., SAUL FREEDMAN;
JAMES DANIELS; BOB SITTINERI,
CHRIS BRADBURY; UNIDENTIFIED PARTY;
ILLINOIS NATIONAL INSURANCE COMPANY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-3749-F
--------------------
November 29, 2001

Before REAVLEY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Matthew L. Hagan appeals from an attorney's fees award pursuant to the Fair Debt Collection Practices Act.  15 U.S.C. § 1692k(a)(3).  Hagan argues that the court abused its discretion in reducing the hours claimed and in awarding too low an hourly rate.

We review the district court's award of attorney's fees for an abuse of discretion, and we accept the factual findings upon

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which the court bases its award of attorney's fees, including the determination of the number of hours reasonably expended on the litigation, unless they are clearly erroneous. <u>Brady v. Fort Bend County</u>, 145 F.3d 691, 716 (5th Cir. 1998). Under the clearly erroneous standard, if the court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighted the evidence differently. <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573 (1985). Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. <u>Id.</u> at 573-74.

Based on the district court's thorough articulation of the factors considered in its award determination, the district court's decision is not clearly erroneous from the record. <u>See Sims v. Jefferson Downs Racing Assn.</u>, 778 F.2d 1068, 1084 (5th Cir. 1985); <u>see also Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974) <u>overruled on other grounds</u>, <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989). Accordingly, the district court did not abuse its discretion in setting the attorney's fees award.

AFFIRMED.