**OCHEESEE CREAMERY, LLC, Plaintiff,**

v.

**Adam H. PUTNAM et al., Defendants.**

**CASE NO. 4:14cv621–RH/CAS**

United States District Court, N.D. Florida, Tallahassee Division.

Signed 09/19/2017

Justin Marc Pearson, Ari S. Bargil, Miami, FL, for Plaintiff.

Ashley E. Davis, Florida Department of State–S Bronough St, David Samuel Grossman, Office of the Attorney General, Jonathan Alan Glogau, Tallahassee FL, for Defendants.

## ORDER AWARDING ATTORNEY'S FEES

Robert L. Hinkle, United States District Judge

The plaintiff prevailed on its First Amendment challenge to Florida's implementation of a milk standard that has been in place nationwide for decades. The plaintiff is entitled to an award of attorney's fees. The parties disagree over the proper amount. This order makes an across-the-board two percent reduction in the plaintiff's claimed fee.

I

A series of Supreme Court decisions addresses the proper approach to calculating a fee award in a case like this. *See, e.g., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010). In most cases, the award should consist of a reasonable hourly rate for the hours reasonably devoted to the case, sometimes denominated the "lodestar." In important respects, *Perdue* changed the circuit's methodology as set out in *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). *See Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035 (11th Cir. 2010) (noting *Perdue*'s effect on *Norman*). But surviving parts of *Norman* and the landmark precedent brought forward from the old Fifth Circuit, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), remain useful guideposts.

The dispute here is not over these principles but over their proper application. The plaintiff seeks to recover the full amount of the lodestar and nothing more. The defendants say the lodestar should be reduced to account for the plaintiff's limited success.

II

Winning an easy case is easy. Winning a hard case is hard. Having initially ruled that the plaintiff's claim was unfounded, I have no difficulty now concluding that the plaintiff's attorneys did excellent work to achieve an excellent result in a difficult case. The plaintiff's attorneys are entitled to a fair fee for all the time reasonably devoted to the case. They claim

$437,607.50 for 1,143.2 hours of attorney work and 144.7 hours of paralegal work.

The attorneys' claimed hours are on the high end of the range one would expect under these circumstances. But the attorneys were diligent and reasonably chose to leave no stone unturned. If they were slow, they were also thorough. The case could have been handled with fewer hours but might then have been lost. The case was not over-litigated.

The lead attorney did more of the work himself than many lead attorneys would have done. In a world of hourly billing, law firms often push more of the work to lower levels. But doing so often produces a higher, not lower, overall fee. And delegating a greater share of the work can sometimes adversely affect quality. The decision to allocate work as was done was reasonable.

In their memorandum in opposition to the plaintiff's claimed fee, the defendants have not taken issue with any of the plaintiffs' specific hours. As a matter of strategy, that makes sense—the overwhelming majority of the hours would survive any attack and focusing on specific hours might detract from the defendants' overall challenge, as addressed in the next section of this order. The defendants' failure to attack specific hours should not be treated as a binding admission that the hours are all compensable.

Based on my independent review, I conclude that a minimal reduction—two percent—is appropriate.

The law of the circuit does not require an item-by-item analysis or explanation but instead authorizes an across-the-board percentage reduction. *See, e.g., Zelaya/Capital Intern. Judgment, LLC v. Zelaya,* 769 F.3d 1296, 1301 (11th Cir. 2014). Examples of time that, in the exercise of billing judgment, should be reduced include the following. In isolated instances, more time was spent on a task than was warranted. In addition, there were multi-ple entries for reading the local rules, civil rules, and appellate rules in general that collectively exceeded the amount that should have been billed for these tasks. Attorneys often know these rules or in any event treat learning them as general education for which a specific client is not billed. Travel time is sometimes properly billed, but the portion of travel time when an attorney could reasonably work—for the same client or a different one—can be billed (if work is done) or not billed (if the attorney chooses to read a magazine rather than work). One cannot drive and work, but a second passenger can work during part of the trip—or read a magazine. Many attorneys in this district would have made adjustments for items like these.

Two percent of the plaintiff's claimed hours is about 25 hours. One cannot know precisely how much time any given task should have taken, but when some entries seem high, a limited reduction is proper. One cannot know precisely what part of reading local rules or Eleventh Circuit procedures was case-related and what part was general education. One cannot know precisely what part of a six-hour flight could reasonably have been spent working. Overall, two percent is a good approximation of the proper adjustment.

I find that, with the two percent reduction, the plaintiff's claimed hours were reasonably devoted to the case; that the claimed rates are reasonable; that the overall fee is reasonable; and that the hours, rates, and overall fee are within the range that customarily would be charged by an attorney in this district for services of this kind.

### III

The defendants say the fee should be reduced to account for the plaintiff's limited success. And the defendants are correct that limited success sometimes calls for a

reduced fee. The Supreme Court has explained it this way:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *See also Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1292 (11th Cir. 2008) (following *Hensley*).

Here, as a practical matter, the plaintiff prevailed completely. The plaintiff obtained an injunction under which it has the right to sell in Florida vitamin-deficient skim milk and call it skim milk—precisely what the plaintiff sought in this litigation. The plaintiff must attach a disclaimer but was always willing to do so. And if the disclaimer is not worded precisely as the plaintiff would have preferred, the difference is of little consequence. As a matter of discretion, applying *Hensley* and *Perdue*, I neither increase nor decrease the lodestar to account for the degree of success.

## IV

For these reasons,

IT IS ORDERED:

1. The plaintiff's motion for attorney's fees, ECF No. 84, is granted.

2. The clerk must enter judgment stating, "It is ordered that the plaintiff Ocheesee Creamery, LLC recover from the defendants Adam H. Putnam, in his official

capacity as Florida Commissioner of Agriculture, and Gary Newton, in his official capacity as Chief of the Florida Bureau of Dairy Industry, the amount of Four Hundred Twenty–Eight Thousand, Eight Hundred Fifty–Five and 35/100 Dollars ($428,855.35) as attorney's fees." The judgment will bear interest from the date of its entry as provided by law.

SO ORDERED on September 19, 2017.