[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12353

Non-Argument Calendar

_____

JENNA DICKENSON,

Interested Party-Appellant,

CHARLES T. JOHNSON,
on behalf of himself and others similarly situated,

Plaintiff-Appellee,

*versus*

NPAS SOLUTIONS, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:17-cv-80393-RLR

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

This case is back before us following our earlier decision vacating and remanding to the district court for further proceedings. As relevant for present purposes, in that proceeding, we vacated the district court's original order (1) approving a settlement between the named parties and (2) granting a 30% attorneys' fee to class counsel from the common fund that the settlement created—both over Appellant Jenna Dickenson's objections. *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244, 1261–64 (11th Cir. 2020) (*NPAS I*).[1] We held there that the district court had failed to adequately explain its decisions on those two issues and remanded for the court to give a fuller explanation of its reasoning. *Id.* In our decision, we instructed the district court to apply the multi-factor test outlined in *Camden I Condominium Association v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), when assessing the attorneys' fee. *NPAS I*, 975 F.3d at 1262 n.14.[2]

---

[1] We outlined the facts underlying the class-action suit in *NPAS I* and needn't repeat them here, as they aren't particularly relevant to the issue on appeal.

[2] In the same footnote, we rejected Dickenson's argument that the Supreme Court's decision in *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010), had

On remand, the district court reaffirmed its original decisions approving the settlement and granting the 30% attorneys' fee. Dickenson appeals to us again, this time challenging only the 30% attorneys' fee. After careful consideration of the parties' arguments, we agree with Dickenson and, accordingly, will again vacate the district court's attorneys'-fee award and remand the case for reconsideration.

★  ★  ★

Dickenson's primary argument is that the district court abused its discretion by misapplying the 12-factor test from *Camden I*[3] because the court didn't consider class counsel's time and labor, as required by the first factor.[4] The old Fifth Circuit made clear in

overruled *Camden I*'s instruction to calculate a common-fund award as a percentage of the fund using the 12 factors in that case. *Id.* Dickenson raises this argument again only to "preserve the issue for en banc review, or . . . for a petition for certiorari." Because our precedents foreclose this argument, and because we agree with Dickenson on a different ground, we won't discuss it any further. We also needn't address Dickenson's argument that Supreme Court precedents limit common-fund fees to 10% or less because it isn't necessary to the resolution of her appeal.

[3] Dickenson styles this a misapplication of the *"Johnson"* factors. *Camden I* derives 12 of its factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Because our instruction in *NPAS I* was for the district court to apply *Camden I*, we will use that referent.

[4] We review the amount of a district court's grant of an attorneys' fee for reasonableness under an abuse-of-discretion standard. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 716–17 (5th Cir. 1974); *see also Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1242 (11th Cir. 2012) ("The district court has great latitude in formulating attorney's fees awards subject only to the necessity of

*Johnson v. Georgia Highway Express*—and we reiterated in *Camden I*—that "[a]lthough hours claimed or spent on a case should not be the sole basis for determining a fee, . . . they are a necessary ingredient to be considered." *Johnson*, 488 F.2d at 717; *see also Camden I*, 946 F.2d at 775. Dickenson argues that the district court couldn't and didn't properly consider class counsel's time and labor in this case because class counsel never disclosed the hours they spent on the case.

Class counsel responds that they didn't have to disclose the hours they spent on this case because the percentage-of-the-fund method that *Johnson* and *Camden I* prescribe rejected such a lodestar-type analysis. Instead, pointing to a Tenth Circuit case, *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir. 1988), they argue that the district court was free to give greater weight to other factors—like the amount of the settlement and the result obtained—in a common-fund case like this one. In the alternative, class counsel asserts that they "spent significant time on this matter," as outlined in their submissions to the district court.

The district court sided with class counsel, stating that it "found that class counsel had invested a good deal of time and labor

---

explaining its reasoning so that we can undertake our review." (quotation marks and citation omitted)). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1264 (11th Cir. 2009) (citation omitted). It can also abuse its discretion by "applying the law in an unreasonable or incorrect manner." *Id.*

in litigating this case." After outlining the work that class counsel represented that they did during this litigation, the district court "accepted the class counsel's representation that they had invested a good deal of time and labor into this case" and that it was clear that class counsel would continue to "expend time and resources" on this case throughout appeal.

We hold, as we did before, that the district court failed to show its work. More accurately, the district court's explanation of its reasoning under the time-and-labor factor isn't sufficiently supported because it didn't make class counsel show their work.

As an initial matter, we disagree with class counsel to the extent that they suggest that a district court doesn't have to consider the time-and-labor factor. While it's true that *Johnson* involved a statutory fee-shifting provision, rather than the sort of common-fund fee at issue here, *Camden I* adopted the *Johnson* factors for common-fund cases without contradicting *Johnson*'s assertion that the time-and-labor required factor was a "necessary ingredient." 946 F.2d at 775; *see also Johnson*, 488 F.2d at 717. Even if, as class counsel say, our precedent in common-fund cases indicates that a true lodestar analysis isn't necessary, that doesn't mean that a lawyer seeking attorneys' fees can predicate a request for a one-third fee on conclusory assertions about time spent. One wishing to obtain a fee award from such a fund still must show something sufficiently concrete to permit a court to conclude that a particular fee is reasonable.

Here, all that class counsel and the district court pointed to in support of their assessment of the time-and-labor factor was a short procedural history in one of class counsel's declarations that outlines 10 different aspects of this case that they worked on. Absent from this procedural history—and the statements submitted by various class counsel attorneys—is any indication of how much time, effort, and resources went into their work. While the attorneys attested to previous class-action cases that they'd worked on none of them so much as estimated the time that they spent on *this* case, indicated if this was the only case that they worked on during its pendency, or proffered any information that would permit reasonable inferences about how much work they had done on the case. Put simply, there isn't enough in this record to permit a meaningful application of the time-and-labor factor. And because that factor is a "necessary ingredient" to a court's consideration of an attorneys'-fee request, failure to properly consider that factor results in an abuse of discretion.

⋆   ⋆   ⋆

Because we hold that the district court abused its discretion by incorrectly applying *Camden I*'s time-and-labor factor, we vacate the part of its order granting the requested attorneys' fees, and we remand for further proceedings consistent with this opinion.

**VACATED** in part and **REMANDED**.